```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cr-20002-10 |
| | ) | |
| **DAMIEN PACK,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is Defendant Damien Pack's pro se "Compassionate Release Petition/CARES ACT/Home Confinement" request (the "Motion"), filed on April 20, 2020. (ECF No. 761.) The government responded on April 22, 2020. (ECF No. 762.) For the following reasons, the Motion is DENIED.

**I.    Background**

In March 2017, Pack was indicted for various crimes arising from his participation in a drug trafficking organization. (See generally ECF No. 28.) In October 2018, Pack pled guilty to two counts of a Superseding Indictment. (ECF Nos. 467-69.) In February 2019, the Court sentenced Pack to 51 months in prison on each count, to be served concurrently, followed by a three-year term of supervised release. (ECF Nos. 580-82.) Pack's

anticipated release date is October 20, 2021. See Federal Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/In.

On April 20, 2020, Pack filed this Motion under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 761.) Pack argues that the COVID-19 virus is an "extraordinary and compelling" circumstance and that he has a greater risk of contracting COVID-19 because the food service workers at the facility where he is detained were in the housing unit with inmates who have been infected with COVID-19. (Id. at 1.) Pack argues that he is at risk because the food service workers are handling prisoners' food trays and bag lunches. (Id.) He argues that social distancing is impossible because of the close living quarters in the facility. (Id.) Park says that the facility where he is located has been on lockdown and is currently in quarantine and that there have been 53 cases of COVID-19. (Id. at 2.) He says that he is "a greater risk to contrac[t] the C[OVID-19] virus and likely to have life threatening effects from the virus . . . ." (Id.)

On April 22, 2020, the government filed a response to the Motion, arguing that the Court does not have the authority to consider the Motion because Pack has failed to exhaust his administrative remedies. (ECF No. 762.) The government argues that § 3582(c)(1)(A)'s administrative exhaustion requirement is "jurisdictional" and that the Court "lacks authority to act on [the Motion] at this time." (ECF No. 762 at 2-4.) Alternatively,

2

the government argues that § 3582(c)(1)(A)'s administrative exhaustion requirement is a "mandatory claim-processing rule" that must be enforced if the government raises it. (Id. at 4-6.)

## II. Standard of Review

A sentencing court does not have inherent authority to modify an otherwise valid sentence. United States v. Washington, 584 F.3d 693, 700 (6th Cir. 2009). The authority to resentence a defendant is limited by statute. United States v. Houston, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing United States v. Ross, 245 F.3d 577, 585 (6th Cir. 2001)). Eighteen U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]." Motions under that section have been called "motions for compassionate release." United States v. McCann, No. 13-cr-52, 2020 WL 1901089, at *1 (E.D. Ky. Apr. 17, 2020). "The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" United States v. Ebbers, No. 02-cr-1144, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (citing S. Rep. 98-225, at 121 (1983)).

In the First Step Act of 2018 (the "First Step Act"), Pub L. No. 115-391, 132 Stat. 5194, 5239, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to file a motion for compassionate release on his own behalf. Before the First Step Act, a motion for compassionate release could be brought only by the Director of the Bureau of Prisons (the "BOP"). United States v. York, Nos. 3:11-cr-76, 3:12-cr-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (citing 18 U.S.C. § 3582(c)(1)(A) (2017)). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, 5239 (capitalization omitted); see also Ebbers, 2020 WL 91399, at *7.

Section 3582(c)(1)(A) now provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —-
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Section 3582(c)(1)(A) requires a defendant to "first exhaust [his] administrative remedies [with the BOP] before

4

seeking judicial relief." United States v. Koch, No. 01-cr-083, 2019 WL 3837727, at *1-2 (E.D. Ky. Aug. 14, 2019). A defendant may exhaust his administrative remedies in one of two ways: (1) by exhausting his "administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see York, 2019 WL 3241166, at *5 ("Other district courts have recognized that the language of § 3582(c)(1)(A), as amended by the First Step Act, requires the defendant to file an administrative request with the BOP 'and then either exhaust administrative appeals or wait thirty days after submitting his request to the BOP.'") (emphasis in original) (quoting United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *1 (M.D. Fla. June 7, 2019)). The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release. See Ebbers, 2020 WL 91399, at *4 (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

**III. Analysis**

Pack moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 761.) He asks the Court for release to home confinement. (See id. at 2.) The Court does not have authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in

5

home confinement. See Miller v. United States, No. 16-cr-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (collecting cases). Therefore, the Court construes Pack's Motion as a request for immediate release.

Pack has not exhausted his administrative remedies with the BOP. Before moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant must ask the BOP to file a motion for compassionate release on his behalf, and then "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or wait until "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed. 18 U.S.C. § 3582(c)(1)(A). Pack has presented no evidence that he has asked the BOP to file a motion for compassionate relief on his behalf. (See ECF No. 762-1 at 1.) The Court does not have authority to consider the Motion.[1] See, e.g., United States v. Raia, No. 20-1033, 2020 WL

---

[1] It is unnecessary to address the government's argument and whether § 3582(c)(1)(A)'s exhaustion regime is a jurisdictional prescription or a mandatory claim-processing rule because the Court can decide the present issue without reaching that question. See Manrique v. United States, 137 S. Ct. 1266, 1272 (2017) (declining to address the jurisdictional question because the requirement at issue was "at least a mandatory claim-processing rule"); United States v. Ogarro, No. 18-cr-373-9, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) ("[R]egardless of whether the statute is jurisdictional or a claim-processing rule, its exhaustion requirements are clearly mandatory."); United States v. Monzon, No. 99-cr-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) ("It is unnecessary to resolve here whether § 3582(c) creates a jurisdictional bar to the modification of [defendant's] sentence or simply sets forth a statutory exhaustion requirement.").

1647922, at *2-3 (3d Cir. Apr. 2, 2020) (holding that a failure to satisfy § 3582(c)(1)(A)'s exhaustion requirement foreclosed the court's consideration of defendant's motion for compassionate release and that "strict compliance with [the] exhaustion requirement takes on added -- and critical -- importance" during the current crisis).  The Court DENIES the Motion with leave to renew if Pack exhausts his administrative remedies with the BOP.

## IV.  Conclusion

For the foregoing reasons, the Motion is DENIED.


So ordered this 4th day of May, 2020.

                                        /s/ *Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, Jr.
                                        UNITED STATES DISTRICT JUDGE