IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 17-CR-20002-10 |
| | ) ) ) ) | |
| DAMEIN PACK, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Before the Court is Defendant Damein Pack's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"), filed on May 29, 2020. (ECF No. 765.) The government responded on August 27, 2020. (ECF No. 783.) For the following reasons, the Motion is **DENIED**.

**I.   BACKGROUND**

In March 2017, Pack was indicted for various crimes arising from his participation in a drug trafficking organization. (See generally ECF No. 28.) In October 2018, Pack pled guilty to two counts of a Superseding Indictment. (ECF Nos. 467-69.) In February 2019, the Court sentenced Pack to 51 months in prison on each count, to be served concurrently, followed by a three-

year term of supervised release. (ECF Nos. 580-82.) Pack's anticipated release date is October 20, 2021. See Federal Bureau of Prisons Inmate Locator, "Damein Pack," at https://www.bop.gov/inmateloc/ (last accessed September 21, 2020).

On April 20, 2020, Pack filed his first motion for compassionate release. (ECF No. 761.) On May 5, 2020, the Court denied that motion because Pack failed to demonstrate that he exhausted his administrative remedies. (ECF No. 764.)

Pack renewed his request for compassionate release by filing the Motion on May 29, 2020. (ECF No. 765.) He asserts that he has exhausted his administrative remedies. (Id.) The government responded on August 27, 2020. (ECF No. 783.) The government argues that Pack has not exhausted his administrative remedies and that he has not demonstrated any extraordinary and compelling reason for compassionate release. (Id.)

## II.  STANDARD OF REVIEW

A sentencing court does not have inherent authority to modify an otherwise valid sentence. United States v. Washington, 584 F.3d 693, 700 (6th Cir. 2009). The authority to resentence a defendant is limited by statute. United States v. Houston, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing United States v. Ross, 245 F.3d 577, 585 (6th Cir. 2001)).

Eighteen U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]." Motions under that section have been called "motions for compassionate release." United States v. McCann, No. 13-cr-52, 2020 WL 1901089, at *1 (E.D. Ky. Apr. 17, 2020). "The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" United States v. Ebbers, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (citing S. Rep. 98-225, at 121 (1983)).

In the First Step Act of 2018 (the "First Step Act"), Pub L. No. 115-391, 132 Stat. 5194, 5239, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to file a motion for compassionate release. Before the First Step Act, a motion for compassionate release could be brought only by the Director of the BOP. United States v. York, Nos. 3:11-cr-76, 3:12-cr-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (citing 18 U.S.C. § 3582(c)(1)(A) (2017)). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, 5239 (capitalization omitted); see also Ebbers, 432 F. Supp. 3d at 430.

Section 3582(c)(1)(A) now provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —-
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Congress directed the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [to] describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); see also 28 U.S.C. § 994(a)(2)(C). In the United States Sentencing Commission Guidelines Manual (the "U.S.S.G."), the Sentencing Commission has published a policy statement addressing the standards for compassionate release. See U.S.S.G. § 1B1.13 (the "Policy Statement"). The Policy Statement reiterates that a court may reduce a term of imprisonment under § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant the reduction" and "after considering

4

the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Id.  The Policy Statement also directs courts to determine that "the defendant is not a danger to the safety of any other person or to the community," before reducing a term of imprisonment under § 3582(c)(1)(A). Id.

The commentary to the Policy Statement describes four categories of "extraordinary and compelling reasons" that may justify compassionate release under § 3582(c)(1)(A): (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1(A)-(D).  The "other reasons" category allows compassionate release if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. cmt. n.1(D).

Section 3582(c)(1)(A) requires a defendant to exhaust available administrative remedies with the BOP before seeking judicial relief. See United States v. Alam, 960 F.3d 831, 832-34 (6th Cir. 2020). A defendant may exhaust the administrative remedies in one of two ways: (1) by exhausting "all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) on "the lapse of 30 days from the receipt of such a request by the warden of the

5

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release. See Ebbers, 432 F. Supp. 3d at 426-27 (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)). Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that is subject to waiver and forfeiture. See Alam, 960 F.3d at 834 (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

**III. ANALYSIS**

    **A. Exhaustion of Administrative Remedies**

Pack has not shown that he exhausted his administrative remedies. The only evidence he presents is a request to the legal mail officer for documentation of his request to the warden. (ECF No. 765-1.) He maintains he never received a response to his request for documentation and so has no documentation to prove that he submitted a request to the warden. (Id.) Pack has failed to meet his burden of proving he has exhausted his administrative remedies. See Ebbers, 432 F. Supp. 3d at 426-27.

Even assuming the request for documentation is evidence that Pack submitted a request to the warden, the Motion still fails on the merits.

    **B. Extraordinary and Compelling Reasons**

Pack has failed to demonstrate any extraordinary and compelling reason for compassionate release. As the government points out, Pack does not assert that he has any underlying medical conditions that would make him at higher risk of a bad outcome were he to contract COVID-19. (ECF No. 783.)

Risk of contracting COVID-19 by itself does not justify compassionate release. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); United States v. Bolze, --- F. Supp. 3d ---, at *7 (E.D. Tenn. 2020) ("[T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population."). Compassionate release is not appropriate on this record.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

So ordered this _22nd_ day of September, 2020.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, Jr.
UNITED STATES DISTRICT JUDGE

7